UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAPHAEL D. DRIVER,                     )
                                       )
            Petitioner,                )
                                       )
      v.                               )      Case No. 3:15-CV-121 WL
                                       )
SUPERINTENDENT,                        )
                                       )
            Respondent.                )

OPINION AND ORDER

Raphael D. Driver, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge the revocation of his parole on November 4, 2014, in connection with his 2001 conviction and 26 year sentence for robbery and criminal deviate conduct by the St. Joseph County Superior Court under cause number 71D03-0104-CF-00146. However, before the court can consider a habeas corpus petition challenging a State proceeding, the petitioner must have previously presented his claims to the State courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

There are two possible methods for challenging a parole revocation in Indiana: by filing a post-conviction relief petition, *Receveur v. Buss*, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a State habeas corpus petition if the inmate is seeking immediate release. *Lawson v. State*, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). Furthermore, if a state habeas corpus petition is improperly filed, it will be converted to a post-conviction petition. *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008) and *Ward v. Ind. Parole Bd.*, 805 N.E.2d 893 (2004). Here, Driver's habeas corpus petition indicates that he has not presented his claims to any State court in any proceeding. Therefore

he has not exhausted his State court remedies and this case must be dismissed without prejudice so that he can exhaust these claims in the State courts. If, after he has ultimately presented his claims to the Indiana Supreme Court, he has not yet obtained relief, then he may return to federal court and file a new habeas corpus petition.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As previously explained, the claims presented by Driver are unexhausted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For the foregoing reasons the court **DISMISSES** this case **WITHOUT PREJUDICE** pursuant to Section 2254 Habeas Corpus Rule 4 because the claim is unexhausted and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

ENTERED: March 26, 2015

                                                s/William C. Lee
                                                William C. Lee, Judge
                                                United States District Court